UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TALKING RAIN BEVERAGE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> COTT CORPORATION and COTT BEVERAGES INC., <br><br> Defendants | Civil Action No. _____ <br><br> COMPLAINT FOR TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Talking Rain Beverage Company, Inc., for its Complaint against Defendants Cott Corporation and Cott Beverages Inc., alleges as follows:

**INTRODUCTION**

1. This is an action for trade dress and trademark infringement, false designation of origin, and unfair competition arising out of the imminent launch of a new flavored carbonated water product, Clear Choice ICE, by Cott Corporation and its subsidiary Cott Beverages Inc. (together, "Cott").

2. Cott's ICE product is a deceptive knock-off of the distinctive Sparkling ICE brand, Talking Rain's pioneering flavored carbonated water product. Most obviously, the

COMPLAINT - 1

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

1. packaging of the Clear Choice ICE product blatantly mimics key elements of the distinctive Sparkling ICE trade dress in an attempt to deceive consumers.  Cott has also copied the very name of its product from Sparkling ICE, infringing Talking Rain's rights in the federally registered trademarks ICE and SPARKLING ICE for flavored carbonated water products.  In addition to Cott's use of Talking Rain's trademarks and confusingly similar trade dress, the product itself appears to be a deliberate imitation, copying every one of the eight flavors of Sparkling ICE and the product formulation, including the colored nature of the water, the percentage of juice, and even the calorie count.

3. As shown in the accompanying pictures, the trade dress for Clear Choice ICE mimics so many key elements of the pioneering, distinctive Sparkling ICE trade dress that consumers are likely to confuse the products.  These similarities include: (i) a nearly identical 17-ounce, bullet-shaped clear bottle designed to show off the colored nature of the water; (ii) a clear label the length of the bottle designed to show off the colored nature of the water; (iii) the colored nature of the water; (iv) the word "ICE," written in white all capital letters in a distinctive crisp font, dominating the text on the label; (v) the name of the flavor written in white letters on the label; and (vi) a picture of a piece of fruit corresponding with the flavor. Cott's adoption of those features cannot be coincidental; rather, it shows Cott's intent to confuse consumers.




4. Cott's deliberate intent to trade upon Sparkling ICE's recognition and goodwill is all the more apparent in its marketing of Clear Choice ICE.  In marketing materials sent to beverage distributors, Cott has been referring to its product as a "Sparkling 'Ice' Opportunity." That statement can only refer to Talking Rain's popular brand, which Cott is attempting to copy in every particular.

COMPLAINT - 2

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

1  5.  Indeed, Cott's intention to copy Sparkling ICE and trade upon the brand's success, goodwill, and recognition is also obvious in light of the non-infringing trade dress Cott has used for its other product in the flavored carbonated water category. Before it copied Sparkling ICE, Cott made Clear Choice Plus, a flavored carbonated water that did not mimic Sparkling ICE. That product was clear water, in flavors like key lime and raspberry, with an emphasis on purported benefits like energy and stress relief. It was packaged in a differently shaped bottle with an opaque label on which the words "Clear Choice" and an image of bubbling water dominated.



6.  On information and belief, Cott will launch Clear Choice ICE this quarter in the same trade channels in which Talking Rain sells Sparkling ICE. Cott unveiled its ICE product in an announcement last month and has already been marketing it to beverage distributors.

7.  Cott's conduct violates federal and Washington law. Unless enjoined, Cott's intentionally misleading actions will create consumer confusion, adversely affect Talking Rain's sales, and destroy the goodwill that Talking Rain has spent years cultivating for its Sparkling ICE brand.

**PARTIES**

8.  Talking Rain is a Washington corporation with its principal place of business in Preston, Washington.

9.  Upon information and belief, Cott Beverages, Inc. is a wholly-owned subsidiary of Cott Corporation. Cott Corporation is incorporated in Canada and has its principal place of business in Tampa, Florida. Cott Beverages, Inc. is a Georgia corporation with its principal place of business in Tampa, Florida. Cott is one of the world's largest beverage companies focusing on private-label and contract manufacturing.

COMPLAINT - 3

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), (b), and 1367(a).

11. This Court also has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1332(a) because the suit is between citizens of different States and the amount in controversy exceeds $75,000, excluding interest and costs.

12. This Court has personal jurisdiction over Cott in accordance with Washington Revised Code § 4.28.080(10) because Cott carries on substantial and continuous business activities in the State of Washington. On information and belief, Cott Beverages, Inc. is registered to do business in Washington, and Cott operates a production facility in Walla Walla, Washington. Cott also sells its products in Washington under various brand names.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district and because Cott is subject to the court's personal jurisdiction in Washington and would be subject to personal jurisdiction in this district if this district were a State.

**TALKING RAIN AND ITS SPARKLING ICE BRAND**

14. Talking Rain is a producer and distributor of mountain spring water and naturally flavored beverage products. Over the past twenty-five years, Talking Rain has successfully grown from its Pacific Northwest roots to gain a national market for its beverage products. The most significant element of that growth has been the company's successful Sparkling ICE brand.

15. In approximately 1993, Talking Rain launched the Sparkling ICE brand of flavored carbonated water. Since its launch, the brand has grown to include eight varieties, each with its own flavor, color, and name: Orange Mango, Black Raspberry, Pink Grapefruit, Kiwi Strawberry, Lemon Lime, Pomegranate Berry, Coconut Pineapple, and Lemonade. Sparkling ICE is sold primarily in single-serve 17-ounce bottles, although it is also available in one-liter

COMPLAINT - 4

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

1  bottles.  Talking Rain sells Sparkling ICE throughout the United States in supermarkets, mass retail stores, wholesale clubs, drug stores, and convenience stores.

16. In June 2009, Talking Rain introduced the new Sparkling ICE packaging that it has used continuously since that time.  Talking Rain intentionally designed the new Sparkling ICE packaging to be unlike any other packaging in the flavored water category at the time and thereby visually distinguish its brand from competitors on store shelves.

17. Since Talking Rain adopted and began promoting the new Sparkling ICE packaging, sales of Sparkling ICE have skyrocketed.  For two years the brand has experienced four-digit sales growth over the previous year—figures that are typically unheard of in the beverage industry.  Sparkling ICE is now the fastest growing non-alcoholic beverage in the United States.

## THE SPARKLING ICE TRADEMARKS AND TRADE DRESS

18. Talking Rain has continuously used the trademark ICE for carbonated and noncarbonated flavored and unflavored water since at least 1997.  That mark is the subject of Trademark Registration No. 2,040,885 on the Principal Register of the U.S. Patent and Trademark Office.  That registration is incontestable.

19. Talking Rain has continuously used the trademark SPARKLING ICE for non-alcoholic soft drinks since at least 1995.  That mark is the subject of Trademark Registration No. 1,944,414 on the Principal Register of the U.S. Patent and Trademark Office.  That registration is incontestable.

20. The ICE and SPARKLING ICE marks are inherently distinctive and have acquired secondary meaning such that the public has come to associate them exclusively with the unique source of flavored carbonated water bearing those marks, Talking Rain.  Talking Rain's advertising, promotion, and marketing efforts have resulted in favorable public acceptance and recognition of the ICE and SPARKLING ICE trademarks.  As a result of Talking Rain's efforts,

COMPLAINT - 5

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

1  and the millions of dollars of sales of products bearing the trademarks, consumers have come to
2  understand those trademarks as signifying a unique source for the Sparkling ICE brand.

3  21. The success of Sparkling ICE has also been based, in large part, on its trade dress
4  and the refreshing, modern image that the trade dress conveys. The key elements of this
5  distinctive trade dress include: (i) 17-ounce, bullet-shaped clear bottles designed to show off the
6  colored nature of the water; (ii) clear labels the length of the bottle designed to show off the
7  colored nature of the water; (iii) the colored nature of the water; (iv) the word "ICE," written in
8  white all capital letters in a distinctive crisp font, dominating the text on the label; (v) the name
9  of the flavor written in white letters on the label; and (vi) a picture of a piece of fruit
10 corresponding with the flavor.

11 **SPARKLING ICE'S ADVERTISING AND MARKETING**

12 22. Talking Rain has invested large sums of money to publicize the ICE and
13 SPARKLING ICE trademarks and the distinctive Sparkling ICE package so consumers will
14 readily recognize Sparkling ICE on store shelves. This promotional strategy relies heavily on the
15 distinctive and recognizable Sparkling ICE trade dress and trademarks. Advertising and
16 marketing for Sparkling ICE consistently features (i) the ICE and SPARKLING ICE marks, and
17 (ii) the product trade dress—not the product being poured or already in a glass, but rather the
18 packaging as a consumer would see it on the shelf.

19 23. The Sparkling ICE packaging, which displays the ICE and SPARKLING ICE
20 marks, is prominently featured in print advertising, outdoor advertising, on the Internet, in
21 promotional materials for events sponsored by Sparkling ICE, and other public relations
22 materials.

23 24. The Sparkling ICE packaging is also prominently featured on point-of-sale
24 advertising including signs and posters, promotional campaign materials, and individualized
25 display cases and coolers.

26

COMPLAINT - 6

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

1   25.     As a result of Talking Rain's advertising and promotional efforts, the distinctiveness of the Sparkling ICE trade dress and trademarks has acquired significant goodwill, recognition, and secondary meaning among consumers.

## COTT'S WILLFUL INFRINGEMENT

26.     Cott's willful infringement in developing the Clear Choice ICE name and trade dress is evident from its marketing, the overwhelming similarity between the parties' respective trade dresses, and examination of the trade dress used by Cott on another beverage in the same category.

27.     Cott's marketing unabashedly displays its intent to trade upon Sparkling ICE's recognition and goodwill.  In marketing materials for Clear Choice ICE sent to beverage distributors, Cott has been referring to its product as a "Sparkling 'Ice' Opportunity."  Such a statement obviously refers to Talking Rain's popular brand.

28.     Cott's marketing materials also reveal that its knock-off product copies Sparkling ICE's trade dress in a blatant attempt to confuse consumers by using (i) a 17-ounce, bullet-shaped clear bottle; (ii) a clear label the length of the bottle; (iii) colored water visible through the clear bottle and label; (iv) the word "ICE," written in white all capital letters in a font strikingly similar to Sparkling ICE, dominating the text on the label; (v) the name of the flavor written in white letters on the label; and (vi) a picture of a piece of fruit corresponding with the flavor.  Cott even copied every single one of Sparkling ICE's eight flavors, down to the precise name of the flavor:  Orange Mango, Black Raspberry, Pink Grapefruit, Lemon Lime, Pomegranate Berry, Kiwi Strawberry, Lemonade, and Coconut Pineapple.

29.     The similarity between the Clear Choice ICE and Sparkling ICE trade dresses is all the more striking when viewed in light of Cott's previous product in the flavored carbonated water category.  Before it sought to unfairly capitalize on the goodwill and recognition of Sparkling ICE, Cott manufactured Clear Choice Plus, another flavored carbonated water.  As can be seen at paragraph 5, Clear Choice Plus is packaged in a wide one-liter bottle with an opaque

COMPLAINT - 7

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

label on which the words "Clear Choice" and an image of bubbling water dominate; it does not use the word "ICE." The water is clear and comes in flavors like key lime and raspberry. Clear Choice Plus shows that Cott knows how to design a non-infringing trade dress for flavored carbonated water when it wants to do so. Yet despite the wide variety of available designs, layouts, color and flavor schemes, and product names, Cott has now chosen to copy those associated with already-successful and rapidly-growing Sparkling ICE.

## LIKELIHOOD OF CONFUSION

30.     On information and belief, Clear Choice ICE products will be sold in the same commercial channels that currently carry Sparkling ICE products, including mass retail stores, supermarkets, wholesale clubs, drug stores, and convenience stores, and in the same area of the store as Sparkling ICE. Indeed, Cott's marketing flyer indicates that it is intentionally targeting customers of the "comparable National Brand"—Sparkling ICE—therefore, there is every reason to believe that Cott intends to place its products directly adjacent to Talking Rain's product in stores.

31.     Given the striking similarity between the products' respective trade dresses and Cott's use of Talking Rain's registered trademarks, there is a high likelihood that consumers and others will mistakenly believe that Cott's product is actually Sparkling ICE or mistakenly believe that Cott's product comes from, is sponsored or licensed by, or is associated or affiliated with, Talking Rain, the maker of Sparkling ICE. Upon information and belief, confusion may have already occurred.

32.     The likelihood of confusion is exacerbated by the fact that flavored carbonated water is a low-cost item (less than $2 per bottle) and consumers are unlikely to exercise a great deal of care before making a purchase. In fact, single-serve bottles are often an impulse purchase and are placed in coolers near a store's checkout counter or at the end of aisles in grocery stores.

COMPLAINT - 8

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

**INJURY TO TALKING RAIN AND THE PUBLIC**

33. In developing and marketing its Clear Choice ICE products, Cott has intentionally adopted a trade dress and name that is likely to deceive consumers into thinking they are buying a product that comes from or is affiliated with Talking Rain. Deception of consumers is an injury to the public interest.

34. If Cott's launch of Clear Choice ICE is not enjoined, Talking Rain will suffer irreparable damage to its hard-earned brand recognition in the flavored carbonated water category, which only achieved success on a national scale in recent years. As the second-comer, Cott's products will unfairly gain recognition and sales at Talking Rain's expense by borrowing from the reputation, goodwill, and recognition that Talking Rain has built in its trade dress and trademarks. Further, as a large company, Cott has the ability to quickly achieve the widespread distribution that Talking Rain has spent years building and thereby hamper Talking Rain's efforts to continue to grow its brand and establish itself in areas of the country that it has only recently entered.

35. Cott's unlawful conduct will also cause Talking Rain to lose sales and revenues to the extent that consumers are confused into purchasing Clear Choice ICE under the mistaken belief that they are buying Sparkling ICE or another product produced by or affiliated with Talking Rain.

36. Cott's conduct will also damage Talking Rain to the extent that others in sales and distribution channels are confused into believing that Cott's product is Sparkling ICE or is produced by or affiliated with Talking Rain.

37. Talking Rain will also be irreparably injured by losing control of its brand's reputation. Cott's unauthorized copying of Talking Rain's trade dress and trademarks causes Talking Rain to be associated with a product over which it has no control. This involuntary association will injure Talking Rain if consumers are dissatisfied with Cott's product for any reason and consequently have a less favorable opinion of Sparkling ICE.

COMPLAINT - 9

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

**COUNT I:  FEDERAL TRADE DRESS INFRINGEMENT
AND FALSE DESIGNATION OF ORIGIN
(Lanham Act 43(a), 15 U.S.C. § 1125(a))**

38. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

39. Talking Rain owns and uses the Sparkling ICE trade dress in connection with its sales of Sparkling ICE brand flavored carbonated water products.  The trade dress is nonfunctional, inherently distinctive, and has acquired secondary meaning in the marketplace.

40. Cott uses or intends to use in interstate commerce a trade dress that is confusingly similar to the trade dress of Sparkling ICE in connection with Cott's promotion and sale of its Clear Choice ICE flavored carbonated water product.  Cott's promotion, manufacture, distribution, and sale of Clear Choice ICE is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products. Consumers seeing Clear Choice ICE in the marketplace likely will believe that it is sponsored by, associated with, or otherwise affiliated with Sparkling ICE, or vice versa.

41. Cott's use of the Sparkling ICE trade dress is a knowing, willful, and intentional violation of Talking Rain's rights.

42. Cott's acts of trade dress infringement and false designation of origin, unless restrained, will cause great and irreparable harm to Talking Rain and to the business goodwill represented by the Sparkling ICE trade dress, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

43. Cott's deceptive packaging and marketing of its Clear Choice ICE products constitutes false designation of origin and infringement of the Sparkling ICE trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. By reason of the foregoing, Talking Rain is entitled to injunctive relief against Cott, restraining it from any further acts of trade dress infringement or false designation of origin, and is also entitled to recovery of Cott's profits, actual damages, enhanced profits and

COMPLAINT - 10

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT II:  FEDERAL REGISTERED TRADEMARK INFRINGEMENT
### (Lanham Act § 32, 15 U.S.C. § 1114)

45. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

46. Talking Rain owns United States trademark registration number 2,040,885 for the trademark ICE for "carbonated and noncarbonated flavored and unflavored water" in Class 32. Talking Rain also owns United States trademark registration number 1,944,414 for the trademark SPARKLING ICE for "non-alcoholic soft drinks" in Class 32.  These trademarks are incontestable.

47. Cott uses or intends to use in interstate commerce a counterfeit or colorable imitation of Talking Rain's registered ICE trademark in connection with Cott's promotion and sale of its Clear Choice ICE flavored carbonated water product.  Cott also uses or intends to use in interstate commerce a colorable imitation of Talking Rain's registered SPARKLING ICE trademark in connection with Cott's promotion and sale of Clear Choice ICE.

48. Cott's naming of its Clear Choice ICE flavored carbonated water product contains a designation that is identical to, or substantially indistinguishable from, Talking Rain's registered ICE trademark.

49. Cott's unauthorized use of Talking Rain's registered marks is likely to cause confusion and mistake among consumers and others as to the source, origin, or sponsorship of Cott's Clear Choice ICE products.

50. Cott's use of a counterfeit or colorable imitation of Talking Rain's ICE and SPARKLING ICE marks is a knowing, willful, and intentional violation of Talking Rain's rights.

COMPLAINT - 11

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

1    51.    Cott's infringing use diminishes the value of Talking Rain's trademarks, goodwill, and business reputation. Further, Cott's acts of trademark infringement, unless restrained, will cause great and irreparable injury to Talking Rain and to the recognition and goodwill represented by the ICE and SPARKLING ICE trademarks, in an amount that cannot be ascertained at this time, leaving Talking Rain with no adequate remedy at law.

52.    Cott's unauthorized use of the ICE and SPARKLING ICE trademarks in interstate commerce as described above constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

53.    By reason of the foregoing, Talking Rain is entitled to injunctive relief restraining Cott from any further acts of trademark infringement and is also entitled to recovery of Cott's profits, actual damages, enhanced profits and damages (including trebling), statutory damages, costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT III:  STATE UNFAIR COMPETITION**
**(Washington Consumer Protection Act, R.C.W. § 19.86.20)**

54.    Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

55.    Cott is engaged in unfair and deceptive acts or practices by infringing the ICE and SPARKLING ICE trademarks and Sparkling ICE trade dress.

56.    Cott uses or intends to use the infringing marks and trade dress in connection with the promotion and sale of its Clear Choice ICE flavored carbonated water products in commerce.

57.    Cott's unfair and deceptive acts or practices are likely to cause confusion or mistake among consumers and others as to the source or affiliation of these consumer products, contrary to the public interest.

COMPLAINT - 12

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

58. Cott's unfair and deceptive acts, unless restrained, will cause great and irreparable harm to Talking Rain, will cause Talking Rain to lose revenues and profits, and will diminish the value of Talking Rain's trademarks, trade dress, goodwill, and business reputation.

59. By reason of the foregoing, Talking Rain is entitled to injunctive relief, actual damages, enhanced damages (including trebling), costs, and reasonable attorneys' fees under R.C.W. § 19.86.090.

### COUNT IV:  COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

60. Talking Rain repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

61. Cott's conduct constitutes trademark infringement and unfair competition in violation of Washington common law.

62. Talking Rain owns the incontestable registered trademarks ICE and SPARKLING ICE. Talking Rain also owns and uses the Sparkling ICE trade dress, which is nonfunctional and inherently distinctive or has acquired distinctiveness.

63. Cott uses or intends to use colorable imitations of Talking Rain's trademarks and trade dress in connection with the promotion and sale of its Clear Choice ICE products in commerce. Cott's promotion, manufacture, distribution, and sale of Clear Choice ICE is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products.

64. Cott's use of Talking Rain's marks and trade dress is a knowing, willful, and intentional violation of Talking Rain's statutory and common law rights, demonstrating bad faith intent to trade on the goodwill associated with Talking Rain's trademarks and the Sparkling ICE trade dress.

COMPLAINT - 13

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

1    65.    Cott's unauthorized use and colorable imitation of Talking Rain's trademarks and trade dress in interstate commerce as described above constitutes trademark infringement and unfair competition under Washington common law.

4    66.    Cott's actions, if not restrained, will cause irreparable injury to Talking Rain. In addition, Cott's actions will cause Talking Rain to lose income, profits, and goodwill while Cott acquires income, profits, and goodwill. This infringement diminishes the value of Talking Rain's marks, goodwill, and business reputation.

8    67.    By reason of the foregoing, Talking Rain is entitled to injunctive relief; damages including, but not limited to, Cott's profits, actual damages suffered by Talking Rain, and punitive damages; and attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Talking Rain prays for relief and judgment, as follows:

A.    That Cott and all those acting in concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) be preliminarily and permanently enjoined from:

   i.    manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale Clear Choice ICE products in their present trade dress or any other trade dress that is confusingly similar to that of Sparkling ICE;

   ii.   manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale Clear Choice ICE products bearing infringing use of Talking Rain's trademarks, including ICE and SPARKLING ICE;

   iii.  representing, by any means whatsoever, that any products manufactured, distributed, advertised, offered, or sold by Cott are Talking Rain's products or vice versa, and from otherwise acting in a way likely to cause confusion, mistake, or deception on

COMPLAINT - 14

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

1  the part of purchasers, consumers, or others as to the origin or sponsorship of such products;

B.  That Cott and all those acting in concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) take affirmative steps to dispel such false impressions that have been created by its use of the Sparkling ICE trade dress and trademarks, including, but not limited to, recalling from any and all channels of distribution any and all infringing products and promotional materials;

C.  That Cott be required to account for and pay over to Talking Rain all gains and profits derived by Cott from its unlawful conduct;

D.  That Cott be required to pay Talking Rain compensatory damages for the loss of goodwill and financial injury Talking Rain has suffered by reason of Cott's unlawful activity;

E.  That Cott be required to pay Talking Rain three times the amount of such profits or damages pursuant to 15 U.S.C. § 1117 and R.C.W. § 19.86.090;

F.  That Cott be required to pay Talking Rain's reasonable attorneys' fees and the costs of this action;

G.  That Cott be required to pay Talking Rain punitive damages to the extent permitted by law;

H.  That Cott deliver up for destruction all infringing products in its possession or control and all means of making the same in accordance with 15 U.S.C. § 1118;

I.  That Cott file with the Court and serve on counsel for Talking Rain within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Cott has complied with any injunction which the Court may enter in this action;

J.  That Talking Rain have such other and further relief as the Court deems just and appropriate.

COMPLAINT - 15

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177

**JURY TRIAL DEMAND**

Talking Rain respectfully demands a trial by jury on all claims and issues so triable.

DATED:   October 5, 2012

By: s/ Michael D. Hunsinger

Michael D. Hunsinger
**THE HUNSINGER LAW FIRM**
100 South King Street, Suite 400
Seattle, Washington 98104
Telephone: (206) 624-1177
Facsimile: (206) 624-1178


**WILLIAMS & CONNOLLY LLP**
Dane H. Butswinkas, *pro hac vice*
Robert J. Shaughnessy, *pro hac vice*
Allison B. Jones, *pro hac vice*
725 Twelfth Street N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Talking Rain Beverage Company*

COMPLAINT - 16

Civil Action No._____

THE HUNSINGER LAW FIRM
100 South King St., Suite 400
Seattle, WA 98104
(206) 624-1177